IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Case No. 19-cr-188-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RANDY PLATT,

    Defendant.

---

**ORDER DENYING MOTIONS FOR REDUCED SENTENCE PURSUANT TO AMENDMENT 821 AND COMPASSIONATE RELEASE STATUTE**

---

Before the Court is Defendant Randy Platt's *pro se* Motion for Compassionate Release or Reduced Sentence under Amendment 821 (ECF No. 75) and Motion to Reduce Sentence (ECF No. 80) ("Motion or Motions"). The Government filed a response to the Motion at ECF No. 75. (ECF No. 79.) The Court did not direct the Government to respond to the Motion at ECF No. 80.

For the following reasons, the Motions are denied.

**I.    BACKGROUND**

In January 2020, Platt pleaded guilty to one count of Assaulting a Federal Officer in violation of 18 U.S.C. § 111(a)(1). (ECF No. 38.) At the time of Platt's sentencing, the sentencing guidelines, as applied to him, provided for an adjusted offense level of 29, a criminal history score of 18, a criminal history category of VI, and a resulting advisory guideline range of 151–188 months. (ECF No. 50 at 6, 15, 21.) Platt's criminal

1

history score included a two-level increase, *i.e.*, the addition of two "status points," because he committed the subject offense while serving a criminal justice sentence. (*Id.* at 15 (citing U.S.S.G. § 4A1.1).) In January 2022, the Court applied a downward variance from the advisory guidelines and sentenced Platt to a term of 150 months' imprisonment. (ECF No. 65.)

Platt now asks the Court to reduce his sentence based on Amendment 821, U.S.S.G 4C1.1, and the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A). (ECF No. 75 at 2, 3.)

## II.   PERTINENT PRINCIPLES

After a judgment of conviction is entered, federal courts have limited authority to modify a sentence. *See Dillon v. United States*, 560 U.S. 817, 824 (2010); 18 U.S.C. § 3582(c). That said, section 3582(c) allows for a possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c); *see also United States v. Price*, 44 F.4th 1288, 1294 (10th Cir. 2022) (noting that "retroactive Guideline amendments" are a valid statutory reason to modify a sentence).

When considering a retroactive amendment to the sentencing guidelines, the Court engages in a two-step inquiry. *United States v. Hald*, 8 F.4th 932, 944 (10th Cir. 2021). First, the Court must determine the defendant's eligibility for a sentence reduction—specifically, whether the applicable guideline range has been lowered. Second, the Court considers whether the reduction is warranted based on the section 3553(a) factors. *See United States v. Battle*, 706 F.3d 1313, 1317 (10th Cir. 2013). A

2

court may only reduce a sentence if doing so would be "consistent with applicable policy statements" of the Sentencing Commission.  18 U.S.C. § 3582(c)(2).

Effective November 1, 2023, the Sentencing Commission amended the sentencing guidelines.  Part A of Amendment 821 limits the criminal history impact of "status points," and subpart 1 of Part B of Amendment 821 creates a new guideline, § 4C1.1, which provides for a decrease of two offense levels for "Zero-Point Offenders."  As relevant here, U.S.S.G. § 4B1.1 provides that a defendant is eligible for a decrease of two offense levels if they are a "Zero-Point Offender," *i.e.*, a defendant with no criminal history points.  Additionally, the defendant is eligible for a reduction in their offense level only if they meet all of the following criteria:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
>
> (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
>
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
>
> (4) the offense did not result in death or serious bodily injury;
>
> (5) the instant offense of conviction is not a sex offense;
>
> (6) the defendant did not personally cause substantial financial hardship;
>
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>
> (8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
>
> (9) the defendant did not receive an adjustment under

3

>§ 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
>
>(10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.

U.S.S.G. § 4C1.1(a).

Under the compassionate release statute, § 3582(c)(1)(A), a sentence reduction is allowed when "extraordinary and compelling reasons warrant such a reduction . . . ." Prior to 2018, that section only authorized the Director of the Bureau of Prisons to move for a reduction. *United States v. McGee*, 992 F.3d 1035, 1041 (10th Cir. 2021). The First Step Act changed this to allow a defendant to file his own motion for reduction after he "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *United States v. Mata-Soto*, 861 F. App'x 251, 253 (10th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)).

The Tenth Circuit has endorsed a three-step test for district courts to use in deciding motions filed under section 3582(c)(1)(A). *McGee*, 992 F.3d at 1042 (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)). Under that test, the court may reduce a sentence if a defendant has administratively exhausted their claim and three other requirements are met: (1) "extraordinary and compelling" reasons warrant a reduction; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a). *Id.* A court may deny the motion when any of the three requirements is lacking, and the court need not address the other

requirements. *Id.* at 1043. But all requirements must be addressed when the court grants a motion for release under the statute. *Id.*

### III.   ANALYSIS

Platt contends that, because he was assessed two additional "status points" for committing the subject offense while serving a criminal justice sentence, he is entitled to a decrease of two offense levels under Amendment 821. (ECF No. 75 at 2.) He further contends that extraordinary and compelling circumstances support his release—namely, that he is serving an "unusually long sentence." (*Id.* at 3.) Platt adds that he "has been held in solitary confinement for the past 8 years with no offer of transfer to a general population yard . . . ." (*Id.* at 4.)

But Platt is not eligible for a sentence reduction under Amendment 821. This is because, even if the Court removed two status points from Platt's criminal history score, thereby reducing his score from 18 to 16, his criminal history category of VI would still remain the same. Indeed, "[d]efendants with 13 or more criminal history points are placed in Category VI." *United States v. Boykins*, 2025 WL 1448695, at *4 (10th Cir. May 19, 2025). In other words, Platt's guideline sentencing range would not have been different had the Court originally sentenced him with a criminal history score of 16, instead of 18. *See Dillon v. United States*, 560 U.S. 817, 827 (2010) (instructing courts to first determine whether a defendant is eligible for a sentence reduction). As a result, the Court denies the Motions to the extent they seek a sentence reduction pursuant to Amendment 821.[1]

---

[1] To the extent Platt contends he is entitled to a sentence reduction because he is a "zero point offender," the Court disagrees. Platt's criminal history plainly establishes otherwise.

Platt's request for a sentence reduction based on the compassionate release statute fares no better. "As a threshold matter, there is nothing in the record establishing that [Platt] satisfied the statute's exhaustion requirements before filing the Motion[s]." *United States v. Velasco*, 2025 WL 872466, at *2 (D. Colo. Mar. 20, 2025). While there is "[a] narrow exception to the exhaustion requirement . . . if a petitioner can demonstrate that exhaustion would be futile," he has not argued that exception applies here. *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010). "Accordingly, the Court does not have jurisdiction to consider [Platt's] request for compassionate release." *United States v. Gonzalez*, 2020 WL 1905071, at *1 (D. Colo. Apr. 17, 2020).

Even assuming Platt satisfied the exhaustion requirement, however, his assertion that he is serving an unusually long sentence is belied by the fact that the Court sentenced him *below* the applicable advisory guideline range of 151–188 months. There is nothing extraordinary or compelling about serving a sentence shorter than the advisory guidelines range. *See United States v. Ortiz-Acosta*, 2025 WL 1248282, at *10 (D. Colo. Apr. 30, 2025) ("[T]he Court notes that there is nothing fundamentally unfair about imposing a sentence 12 years below the guidelines in this case."); *see also United States v. Fletcher*, 2025 WL 3537562, at *2 (10th Cir. Dec. 10, 2025) (observing that "[t]he district court rejected Mr. Fletcher's suggestion that a Guidelines sentence was extraordinary or compelling").

Finally, the Court acknowledges Platt's complaint that he has been subject to solitary confinement for eight years. The Court appreciates that those conditions have likely been detrimental to his rehabilitation and mental and physical health. As one jurist on the Tenth Circuit has observed (in the qualified immunity context):

> In short, solitary confinement, even over relatively short periods, renders prisoners physically sick and mentally ill. It destroys any ability they may once have had to relate positively to others. These harms, which are persistent and may become permanent, become more severe the longer a person is exposed to solitary confinement. Haney, Mental Health Issues, 49 Crime & Delinq. at 138–41. One study found that forty years after release, individuals exposed to prolonged isolation continued to experience psychiatric distress and detachment from others. Diana Arias & Christian Otto, NASA, Defining the Scope of Sensory Deprivation for Long Duration Space Missions, 43 (2011). Prisoners, like all human beings, adapt to their environment, and the longer they remain in an environment the more those adaptions are to change. Haney, Mental Health Issues, 49 Crime & Delinq. at 138–41. Given our society's present understanding that prolonged solitary confinement inflicts progressive brain injury, we cannot consider such prolonged, unjustified confinement as anything other than extreme and atypical.

*Grissom v. Roberts*, 902 F.3d 1162, 1177 (10th Cir. 2018) (J., Lucero, concurring).

Still, Platt cites to no authority, and the Court is aware of none,[2] providing that extended periods of solitary confinement *alone* necessarily constitutes extraordinary and compelling circumstances under the compassionate release statute. The Court has instead located caselaw suggesting that this issue is fact-dependent. *Compare United States v. Gordon*, 2024 WL 1005772, at *2 (6th Cir. Mar. 4, 2024) ("The district court did not abuse its discretion in concluding that the conditions of Gordon's solitary confinement at the Iowa state facility do not constitute an extraordinary and compelling circumstance warranting compassionate release."); *and United States v. Mustafa*, 2025 WL 786693, at *5 (S.D.N.Y. Mar. 12, 2025) ("The Court cannot find that solitary

---

[2] The Court would have benefited from the Government weighing in on this solitary confinement issue, and is perplexed by the fact that it was ignored.

confinement, imposed subject to valid SAMs, is an extraordinary and compelling circumstance justifying release."); *with United States v. Soltani*, 2026 WL 49334, at *4 (S.D. Cal. Jan. 7, 2026) ("Courts find that a defendant's period in solitary confinement may rise to the level of an extraordinary and compelling reason when the defendant presents accompanying personal circumstances that compound solitary confinement's harms."); *United States v. Archer*, 2024 WL 1484025, at *3 (D. Nev. Apr. 5, 2024) (finding extraordinary and compelling reasons existed where defendant was in solitary confinement for 28 years, combined with defendant's advanced age, deteriorating health, and status as a "gang drop-out"); *and United States v. Robinson*, 2025 WL 841014, at *13–14 (W.D. Pa. Mar. 18, 2025) (concluding that the defendant was uniquely vulnerable to solitary confinement's harms because of his documented mental health issues and juvenile status/young age).

The Court does not doubt that extended periods of solitary confinement may constitute extraordinary and compelling circumstances in certain situations. Platt, however, does not supply sufficient facts or develop any argument as to why his personal circumstances, in combination with his prolonged solitary confinement, constitute extraordinary and compelling circumstances. At most, he says that he "has completed many classes over his tenure at the Administrative Maximum Facility . . . ." (ECF No. 75 at 4.) This is simply not enough to show extraordinary and compelling circumstances. And for the Government's part, it points out that Platt "slashed a correctional officer's left arm with a razor blade causing a 4-inch laceration that required stitches." (ECF No. 79 at 6.) Hence, to the extent Platt has been sitting in prolonged solitary confinement, the limited facts the Court has before it suggest that the

confinement may be at least to some extent necessary to preserve inmate and prison staff safety.[3]

Given all this, the Court denies the Motions to the extent they seek a sentence reduction pursuant to the compassionate release statute.

## IV.    CONCLUSION

For the foregoing reasons, the Motions are DENIED.

Dated this 4th day of March, 2026.

BY THE COURT:

_____
William J. Martínez
Senior United States District Judge

---

[3] Should Platt's prolonged solitary confinement continue, however, the Court would invite him to file another motion, **no earlier than July 1, 2026**, raising this issue and developing a robust argument in support.

In extending this invitation, however, the Court emphasizes that Platt would still need to persuade the Court that a sentence reduction would be consistent with the section 3553(a) factors. *Jones*, 980 F.3d at 1107. Given Platt's long and violent criminal history, persuading the Court that these factors are satisfied would be a steep hill to climb.